Brockney v. Sampson Supermkts          CV-94-569-SD   09/21/95
                UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


Denise Brockney;
Gary Brockney


        v.                                  Civil No. 94-569-SD


The Sampson Supermarkets, Inc.



                        O R D E R


        Defendant has filed a motion in limine regarding subsequent
remedial measures.  Document 11.  The motion states that
plaintiffs' counsel "has indicated" his probable objection.  Id.
at 2.[1]


1.  Background

        This diversity action arises from an incident which occurred
on June 23, 1993, in the parking lot of a supermarket located in
Ossipee, New Hampshire.  Defendant, the Sampson Supermarkets,

_____

        [1]In its final pretrial order of September 11, 1995, the
court, having been advised that defendant would file the instant
motion, directed that the motion "be furnished opposing counsel
in such timely fashion that both the motion and any objection
thereto are to be filed by the close of business on September 20,
1995."  Document 10, at 2.  As of this writing, no objection has
been filed by plaintiff.

Inc., was in possession and control of the supermarket premises.

Plaintiff Denise Brockney alleges that she sustained injury when a wheel of the shopping cart she was using caught in the pavement near the store entrance and caused her to fall. Approximately one month after the accident, this entrance area was repaved with asphalt.

2. Discussion

Rule 407, Fed. R. Evid.,[2] makes clear that evidence of subsequent remedial measures "to prove negligence or culpable conduct" is inadmissible, although such evidence may be offered for other purposes such "as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Id. See Clausen v. Sea-3, Inc., 21 F.3d 1181,

---

[2]Federal Rule of Evidence 407 states,

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

2

1191 (1st Cir. 1994).[3]

The defendant does not here contest ownership, control, or feasibility of precautionary measures, and, accordingly, the motion in limine must be granted.

3.  Conclusion

Defendant's motion in limine is granted, and plaintiffs are barred from offering or attempting to offer evidence as to the subsequent repair of the premises on which the alleged accident occurred.

SO ORDERED.

                                       _____

Shane Devine, Senior Judge
United States District Court

September 21, 1995

cc:  Gary P. Westergren, Esq.
    Robert C. Dewhirst, Esq.

---

[3]The difficulties arising from application of the "impeachment loophole" require trial judges to consider carefully whether even such evidence should be declared inadmissible under the "unfair prejudice" provision of Rule 403, Fed. R. Evid. Harrison v. Sears, Roebuck & Co., 981 F.2d 25, 31-32 (1st Cir. 1992).